KENNETH E. KELLER (SBN 071450) kkeller@ksrh.com
ANNE E. KEARNS (SBN 183336) akearns@ksrh.com
KELLER, SLOAN, ROMAN & HOLLAND LLP
555 Montgomery Street, 17th Floor
San Francisco, California 94111
Telephone:   (415) 249-8330
Facsimile:    (415) 249-8333

JASON R. ERB (SBN 180962) jasonerb@hmausa.com
HYUNDAI MOTOR AMERICA
10550 Talbert Avenue
Fountain Valley, California 92708
Telephone:   (714) 965-3393
Facsimile:    (714) 965-3815

Attorneys for Plaintiff,
HYUNDAI MOTOR AMERICA, INC.

# THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### (SOUTHERN DIVISION)

| | |
|---|---|
| HYUNDAI MOTOR AMERICA, INC. a California corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PINNACLE GROUP, LLC, a Florida limited liability company, and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>1. **TRADEMARK INFRINGEMENT** (15 U.S.C. §§1114);<br>2. **FALSE DESIGNATION OF ORIGIN** (15 U.S.C. §§1125(a)(1)(A) and (a)(1)(B));<br>3. **TRADEMARK DILUTION** (15 U.S.C. §§1125(c));<br>4. **COMMON-LAW TRADEMARK INFRINGEMENT;**<br>5. **COMMON-LAW UNFAIR COMPETITION;**<br>6. **TRADEMARK DILUTION UNDER CAL. BUS. & PROF CODE §14247; AND**<br>7. **UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §17200**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

1

COMPLAINT

Plaintiff HYUNDAI MOTOR AMERICA, INC. ("HMA") makes the following claims against Defendant PINNACLE GROUP, LLC ("Pinnacle"), and Defendants DOES 1-10 ("Doe Defendants") (collectively Pinnacle and the Doe Defendants are referred to as the "Defendants" where appropriate), inclusive:

## JURISDICTION AND VENUE

1. Jurisdiction of this action is premised upon 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1332(a)(1), 1338(a) and 1338(b). The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). The amount in controversy as alleged herein exceeds the jurisdictional limit of this Court.

2. This Court has personal jurisdiction over Defendants because they are importing, promoting, selling, and distributing the products at issue in this Complaint into this State and District, and which has caused and will continue to cause injury and damage to HMA within this State and this District, and because, upon information and belief, they continuously and systematically conduct, transact, and solicit business in this State and within this District.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the acts, events, and omissions giving rise to HMA's claims occurred in this judicial district.

## NATURE OF ACTION

4. This is an action for damages and injunctive relief for (i) trademark infringement under Sections 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§1114, 1116 and 1117; (ii) false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); (iii) trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c); and (iv) related claims arising under common law and California law.

## THE PARTIES

5. HMA is a corporation duly organized and existing under the laws of the State of California, with its principal place of business located in Fountain Valley, California. HMA has been granted the exclusive license by Hyundai Motor Company ("HMC") to distribute goods and services in North America in association or in connection with the trademarks, trade names and/or

2

COMPLAINT

trade dress of HMC, and HMA has the right to enforce those rights and/or sub-license those rights to dealers, distributors, and others. HMA also is the owner of certain other trademarks associated with the Hyundai line of automobiles and automobile parts. HMA has an economic interest in the trademarks, trade names, trade dress and designation of origin of the mark "Hyundai" whether used alone or in conjunction with other words or marks.

6. Upon information and belief, Pinnacle is a limited liability company, duly organized and existing under the laws of the State of Florida with its principal of business in Coral Springs, Florida. Pinnacle either directly or indirectly sells goods and products to third parties within this District.

7. HMA is presently unaware of the true names and identities of defendants "DOES 1-10" herein, but is informed and believes that persons and entities in addition to the specifically-named Defendant herein are directly and personally contributing, inducing, and/or engaging in the sale of counterfeit goods and/or illegal "grey market" goods as alleged herein as partners and/or suppliers to the Defendants, and are legally liable for matters alleged in this Complaint. HMA will amend or seek leave to amend this Complaint as appropriate to add additional specific defendants upon determining the true names and identities of the "DOE" defendants.

8. HMA is informed and believes, and on that basis alleges, that during all times mentioned herein, each of the Defendants was the duly authorized agent, servant or representative of each other defendant and was acting at all times both on its own behalf and on behalf and within the course and scope of its agency or representative capacity, with the knowledge and consent of the other defendant.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. HMA is a subsidiary of HMC, a Korean company. HMC was established in 1967 and has become one of the leaders in the automotive market. Today, HMC designs, manufactures, markets, distributes, and sells a wide range of motor vehicles to over 190 countries throughout the world, including in the United States, under the trademark, Hyundai.

10. Since 1986, HMA has been the exclusive distributor in the United States of, among other things, Hyundai motor vehicles, and Hyundai brand automobile parts and accessories. Those

3

parts and accessories include, but are not limited to, Hyundai Genuine Cabin Air Filters, Hyundai Genuine Air Filters, Hyundai Genuine Brake Pads, and Hyundai Genuine Oil Filters, among others (the "Hyundai Genuine Parts"). HMA's automotive parts, including the Hyundai Genuine Parts, are sold exclusively through HMA authorized dealers.

      11. HMA sells motor vehicles, automotive parts, and accessories, including the Hyundai Genuine Parts, and related services under the following family of registered United States trademarks (collectively referred to as the "HYUNDAI MARKS", copies of which registrations are attached hereto as **EXHIBIT A**):

| MARK | REG. NO. | REGISTRATION DATE | GOODS |
|---|---|---|---|
| HYUNDAI | 1104727 | October 24, 1978 | For International Class 12 for: Cars, trucks and buses |
| HYUNDAI | 3991863 | July 12, 2011 | For International Classes 7 and 12 for:<br><br>Water pumps for land vehicles; cylinder heads used on engines; pistons for land vehicles; fans for motors and engines; vehicle engine parts, namely, oil coolers; oil filters for land vehicles; vehicle parts, namely, radiator supporting panels; radiator grilles for land vehicles and<br><br>For: Bearings for land vehicles, namely, axle bearings, engine bearings, wheel bearings; engines and motors mufflers; clutch covers for land vehicles; transmissions for land vehicles; disk brakes for land vehicles; rearview mirrors for automobiles; windscreen wipers for automobiles; rubber belts for land vehicles; fuel tanks for land vehicles; wheels caps for land vehicles; bumpers for automobiles; hoods for automobiles; doors for automobiles; trunk panels for land vehicles; bumpers for land vehicles; door handles for automobiles; aerials for automobiles; horns for automobiles |

| | | | |
|---|---|---|---|
| (H logo) | 1569538 | December 5, 1989 | For International Class 12 for: Automobiles and structural parts thereof |
| (H logo) | 4065195 | December 6, 2011 | For International Class 12 for: Bearings for land vehicles, namely, axle bearings, wheel bearings; mufflers for land vehicles; transmissions for land vehicles; rearview mirrors for automobiles; bumpers for automobiles; windscreen wipers for automobiles; seat covers for automobiles; tire chains for automobiles; radiator grills for land vehicles; body panels for vehicles; air bags for vehicles; swing doors for vehicle engines; glasses for vehicles, namely, glass windows for vehicles; clutches for land vehicles; fan motors for vehicles; air sensors for vehicles; brake pads for land vehicles; suspensions for vehicles, namely, wheel suspensions, suspension struts; springs for vehicles, namely, coil springs, leaf springs; speed sensors for vehicles; sun roofs for vehicles; fuel gauges for vehicles; oil seals for vehicles, namely, transmission seals; wiper motors for vehicles; control units for vehicles, namely, air suspension valves for controlling suspension height for vehicles, electronic stability system to allow better control and maneuverability of trucks and trailers, sold as an integral component of trucks; pedals for vehicles, namely, brake pedals, gas pedals |

12. All of the above federal registrations are in full force and effect and are in good standing.

13. HMA is the exclusive licensee and/or the owner of the HYUNDAI MARKS in association or connection with the promotion, distribution, sale and service of Hyundai products and services, including the Hyundai Genuine Parts.

14. Independent of the foregoing registrations, HMA owns and holds common-law rights in the HYUNDAI MARKS, including nationwide common-law trademarks.

COMPLAINT

15. The HYUNDAI MARKS have, among others, all been used in commerce continuously in the United States by HMA prior to Defendants' usage of the same or similar marks and designation of origin, as described herein.

16. HMA exercises great care in selecting licensed dealerships. In doing so, substantial monies and efforts are expended by HMA to control the nature and quality of the goods and services which such dealers may employ in using the HYUNDAI MARKS. Furthermore, in the United States, authorized Hyundai dealers are required to perform warranty work using only Hyundai Genuine Parts. Additionally, Hyundai Genuine Parts are marketed and sold to retail customers at authorized Hyundai dealerships. HMA has also expended significant time, money and effort in ensuring that the Hyundai Genuine Parts comply with its stringent internal quality standards and with state and federal laws and regulations in the Unites States.

17. For many years, HMA has spent many millions of dollars in advertising Hyundai motor vehicles, products and related services and to specifically promote and develop the HYUNDAI MARKS. These substantial expenditures of time, money and effort have resulted in a reputation for exceptionally high quality standards. HMA has also developed marketing strategies and designed packaging, promotional materials and specific products for the market in the United States, consistent with this reputation and high quality standards.

18. Because of these efforts, the HYUNDAI MARKS and the products and services which use them, have developed substantial good will, and have established secondary meaning in the United States.

19. The HYUNDAI MARKS have been famous in the United States long before the acts of Defendants set forth herein.

### MANUFACTURE OF HYUNDAI GENUINE PARTS

20. A variety of suppliers from around the world manufacture Hyundai Genuine Parts according to HMC's specifications. Hyundai Genuine Parts are the same parts used by Hyundai plants in Korea and the United States to manufacture Hyundai brand vehicles. Parts that are earmarked and destined for sale in the United States, exclusively through HMA and its licensed dealers, are ordinarily manufactured either in Korea or in the United States by a variety of authorized

manufacturers and/or suppliers. Hyundai Genuine Parts are designed and tested for the optimum safety, performance, and reliability to Hyundai's customers.

21. Neither HMC nor HMA has authorized the use or sale of Hyundai Genuine Parts that are manufactured for use or sale outside the United States to be sold for use in the United States. Hyundai Genuine Parts manufactured for use in and/or sale in the United States have material differences than those manufactured for use and/or sale outside the United States. The Genuine Hyundai Parts that are manufactured for sale and use in the United States are specifically designed and manufactured in accordance with and to meet the applicable U.S. standards and regulations, including environmental and federal motor vehicle safety standards.

22. For example, genuine Hyundai suspension and exhaust parts are specifically designed and manufactured for motor vehicles that are sold in the United States; the engine and transmission electronic control components are tuned to specifications for U.S.-market vehicles; and certain non-U.S. market vehicle components critical to correct airbag system functioning are not compatible with U.S.-market vehicles.

23. There are significant differences for body parts that are sold in the United States as opposed to those in other markets. These differences could result in the use of the wrong part during a repair, resulting in fit, compatibility, and crash safety issues.

24. Warranties for the Hyundai Genuine Parts sold in the United States also differ from those sold elsewhere. Parts sold for use in the United States specifically are covered under the remainder of the vehicle's New Vehicle Limited Warranty on which they are installed. If that part supplied by HMA and installed by an authorized dealer is purchased as a "customer pay" repair (i.e., one that is not covered under a warranty), the warranty for the Hyundai Genuine Part is twelve months or 12,000 miles, whichever comes first. Parts manufactured for sale and use outside of the United States carry no warranty whatsoever in the United States market. In addition, any damage to or failure of Hyundai Genuine Parts caused by the installation or failure of an imitation, grey market, or counterfeit part is not covered by any Hyundai warranty.

**DEFENDANTS' UNLAWFUL ACTS**

25. HMA is informed and believes and therefore alleges that commencing long after

HMA'S use of the HYUNDAI MARKS, Defendants actively and knowingly engaged in the importation, distribution, promotion, and/or sale in the United States, without HMA's authorization and/or consent, of replacement automotive parts bearing the HYUNDAI MARKS, including but not limited to Cabin Air Filters, Air Filters, Brake Pads, and Oil Filters, which were not intended for sale or use in the United States, but rather were intended for sale elsewhere ("Non-Genuine Hyundai Parts").

26. HMA is informed and believes and therefore alleges that the Non-Genuine Hyundai Parts that Defendants are importing, distributing, promoting and/or selling in the United States are products that HMA has never imported into or offered for use or sale in the United States, and/or have not be subjected to the exacting quality and/or safety standards associated with the Hyundai Genuine Parts, differ materially from the Hyundai Genuine Parts, and do not originate with, and/or are not sponsored by and are not distributed by HMA in the United States. As a result, HMA cannot guaranty the quality and/or safety of the Hyundai Genuine Parts. Therefore, the Non-Genuine Hyundai Parts constitute unlawful grey market goods.

27. HMA is informed and believes and therefore alleges that Defendants are importing the Non-Genuine Hyundai Parts into the United States through channels other than HMA or its authorized distributors and/or dealers, and are promoting, selling and/or distributing the Non-Genuine Hyundai Parts to consumers in the United States without advising the consumer that the goods are not Hyundai Genuine Parts and/or not covered by HMA's express written warranty for genuine parts sold in the United States.

28. By selling the Non-Genuine Hyundai Parts in the United States, without HMA's consent, Defendants have taken away HMA's ability to control the quality of its products, and misrepresented to consumers the origin and quality of the Hyundai brand.

29. HMA is further informed and believes and therefore alleges that commencing long after HMA's use of the HYUNDAI MARKS, Defendants used and continue to use in commerce in the United States reproductions, counterfeits, copies and/or colorable imitations of the HYUNDAI MARKS in connection with the sale, offering for sale and/or advertising of replacement automotive parts, including but not limited to, Cabin Air Filters, Air Filters, Brake Pads, and Oil Filters (the

"Counterfeit Hyundai Parts").

30. The Non-Genuine Hyundai Parts and the Counterfeit Hyundai Parts are collectively referred to herein as the "Unauthorized Products," where appropriate. Defendants are promoting, selling and/or distributing the Unauthorized Products to the public as "Hyundai Genuine Parts" and/or "Hyundai Genuine Accessories."

31. Defendants have, among other things, reproduced, counterfeited, copied or colorably imitated HMA's rights in the common-law and registered HYUNDAI MARKS and have applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive. The Unauthorized Products sold by the Defendants differ materially from the Hyundai Genuine Parts as described herein, and do not originate with, are not sponsored by and are not distributed by HMA.

32. Defendants are intentionally and willfully importing, purchasing, promoting, distributing, offering for sale, and/or selling in the United States, without HMA's authorization and/or consent, the Unauthorized Products to unfairly and fraudulently compete with HMA, and to benefit from the valuable and favorable reputation and goodwill of the HYUNDAI MARKS, the Hyundai products, including but not limited to the Genuine Hyundai Parts, and the Hyundai brand.

33. Defendants have and continue to use the HYUNDAI MARKS in such a fashion as to intentionally create a false impression among the consuming public that its goods originate from HMA or are sponsored, approved by, managed and/or affiliated with HMA, and to misrepresent the origin and quality of goods sold.

34. Defendants' foregoing acts were and are likely and intended to cause confusion and mistake among the public, customers, prospective customers, creditors, suppliers and others and to deceive them as to, among other things, (i) the affiliation, connection, and association of Defendants with HMA, (ii) the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by HMA, and (iii) the nature, characteristics, and quality of Defendants' goods, services or commercial activities; all of which was and is for the purpose of enhancing the commercial value of,

9

or selling or soliciting sales of, Defendants' products, goods or services.

35. By reason of the foregoing, HMA has suffered and will continue to suffer damage to its property, business, reputation, and goodwill, and has suffered and will continue to suffer dilution of the distinctive quality of the HYUNDAI MARKS, and has lost and will continue to lose income and profits that HMA would have earned but for Defendants' foregoing acts, in an amount in excess of the jurisdictional limits of this Court.

36. The acts of Defendants alleged herein were knowing, intentional, willful and extraordinary.

37. HMA's remedy at law is inadequate to compensate HMA fully for its injuries. Defendants are continuing the foregoing activities and, unless enjoined, will continue to do so, all to HMA's irreparable damage. It would be extremely difficult or impossible to estimate the amount of compensation which would afford HMA complete monetary relief for such continuing acts. A multiplicity of judicial proceedings would be required in the absence of appropriate injunctive relief.

## FIRST CAUSE OF ACTION

## FOR TRADEMARK INFRINGEMENT (15 U.S.C. §§1114)

38. HMA hereby re-alleges the allegations set forth in Paragraphs 1 through 37 above.

39. Defendants' importation, promotion, distribution, use and/or threatened continued use in commerce of the Unauthorized Products which bear trademarks that are identical or nearly identical to federally registered HYUNDAI MARKS constitutes a wrongful use of an unauthorized reproduction, counterfeit, copy or colorable imitation of one or more of the registered HYUNDAI MARKS.

40. Defendants' importation, promotion and distribution of the Unauthorized Products have caused and/or are likely to continue to cause confusion, or to cause mistake, or to deceive, including but not limited to whether HMA guarantees and/or warrants the quality of the Non-Genuine Hyundai Parts and/or the Counterfeit Hyundai Parts.

41. Defendants' acts are intended to reap the benefit of HMA's reputation and good will that it has created in its HYUNDAI MARKS, and constitutes infringement of the federally registered trademarks, which HMA owns and/or is the exclusive licensee, in violation of sections 32, 34 and 35

of the Lanham Act (15 U.S.C. §§1114, 1116 and 1117).

42. As a direct and proximate result of Defendants' illegal activities, HMA has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial, but in an amount in excess of the jurisdictional limits of this Court.

43. Defendants' conduct has caused and will continue to cause immediate and irreparable injury to HMA, including its business, reputation, and goodwill, and will continue to damage HMA and deceive the public unless enjoined by this Court. HMA has no adequate remedy at law.

44. Defendants' infringement of the HYUNDAI MARKS is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of the HYUNDAI MARKS and an exceptional case within the meaning of the Lanham Act §35 (15 U.S.C. §1117). HMA is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action.

WHEREFORE, HMA seeks judgment as set forth herein.

## SECOND CAUSE OF ACTION

## FOR FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a)(1)(A))

45. HMA hereby re-alleges the allegations set forth in Paragraphs 1 through 44 above.

46. Defendants' use and threatened continued use in connection with importing, selling, offering for sale, advertising, marketing, promoting and packaging the Unauthorized Products bearing the HYUNDAI MARKS and/or marks which are identical or nearly identical to the HYUNDAI MARKS and trade names, trade dress, wrappers, packaging and words, terms, names, symbols, and/or devices that suggest that Defendants' goods originated with, were manufactured by or are sponsored by HMA constitutes a false designation of origin and a false description and representation of Defendants' business and products. Defendants' acts and each of them are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with HMA, or as to the origin, sponsorship or approval of Defendants' goods, services or commercial activities by HMA.

47. The aforesaid wrongful acts of Defendants constitute the use of a false designation of origin and false description of representation, in violation of section 43(a) of the Lanham Act (15

1 U.S.C. §1125(a)(1)(A)).

2   48.   As a direct and proximate result of Defendants' illegal activities, HMA has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial, but in an amount in excess of the jurisdictional limits of this Court.

   49.   Defendants' conduct has caused and will continue to cause immediate and irreparable injury to HMA, including its business, reputation, and goodwill, and will continue to damage HMA and deceive the public unless enjoined by this Court. HMA has no adequate remedy at law.

   50.   Defendants' use of the HYUNDAI MARKS is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of the HYUNDAI MARKS and an exceptional case within the meaning of the Lanham Act §35 (15 U.S.C. §1117). HMA is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action.

   WHEREFORE, HMA seeks judgment as set forth herein.

## THIRD CAUSE OF ACTION

## FOR FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a)(1)(B))

   51.   HMA hereby re-alleges the allegations set forth in Paragraphs 1 through 50 above.

   52.   Defendants' use and threatened continued use in connection with importing, selling, offering for sale, commercial advertising, marketing, promoting and packaging the Unauthorized Products bearing the HYUNDAI MARKS and/or marks which are identical or nearly identical to the HYUNDAI MARKS and trade names, trade dress, wrappers, packaging and words, terms, names, symbols, and/or devices that suggest that Defendants' goods originated with, were manufactured by or are sponsored by HMA constitutes a false designation of origin and a false description and representation of Defendants' business and products. Defendants' acts and each of them are likely to cause confusion, or to cause mistake, or to deceive as to nature, characteristics, qualities, and/or geographic origin of Defendants' goods, services or commercial activities by HMA.

   53.   The aforesaid wrongful acts of Defendants constitute the use of a false designation of origin and false description of representation, in violation of section 43(a) of the Lanham Act (15 U.S.C. §1125(a)(1)(B).

COMPLAINT

54. As a direct and proximate result of Defendants' illegal activities, HMA has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial, but in an amount in excess of the jurisdictional limits of this Court.

55. Defendants' conduct has caused and will continue to cause immediate and irreparable injury to HMA and will continue to damage HMA and deceive the public unless enjoined by this Court. HMA has no adequate remedy at law.

56. Defendants' use of the HYUNDAI MARKS is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of the HYUNDAI MARKS and an exceptional case within the meaning of the Lanham Act §35 (15 U.S.C. §1117). HMA is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action.

WHEREFORE, HMA seeks judgment as set forth herein.

## FOURTH CAUSE OF ACTION

## FOR TRADEMARK DILUTION (15 U.S.C. §1125(c))

57. HMA hereby re-alleges the allegations set forth in Paragraphs 1 through 56 above.

58. The HYUNDAI MARKS have been and continue to be "famous" as defined by 15 U.S.C. § 1125(c)(1) due to their continued and extensive use in advertising and marketing. The HYUNDAI MARKS were famous well before Defendants imported, distributed, offered for sale, or sold the Unauthorized Products.

59. Defendants' use and threatened continued use of the marks which are identical or nearly identical to the HYUNDAI MARKS, through the unauthorized importation, promotion, distribution and/or sale of the Unauthorized Products, do not comply with HMA's quality and/or safety control policies has and will continue to tarnish HMA's reputation and dilute and injure the value of the HYUNDAI MARKS as indicators of high quality goods that consumers expect from HMA, in violation of section 43(c) of the Lanham Act (15 U.S.C. §1125(c)).

60. As a direct and proximate result of Defendants' illegal activities, HMA has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial, but in an amount in excess of the jurisdictional limits of this Court.

61. Defendants' conduct has caused and will continue to cause immediate and irreparable injury to HMA, including its business, reputation, and goodwill, and will continue to damage HMA and deceive the public unless enjoined by this Court. HMA has no adequate remedy at law.

WHEREFORE, HMA seeks judgment as set forth herein.

## FIFTH CAUSE OF ACTION

## FOR COMMON LAW TRADEMARK INFRINGEMENT

62. HMA hereby re-alleges the allegations set forth in Paragraphs 1 through 61 above.

63. Defendants' acts alleged herein and specifically, without limitation, Defendants' use of the HYUNDAI MARKS, infringe HMA's exclusive trademark rights in the HYUNDAI MARKS, in violation of the common law.

64. Defendants' conduct has caused and will continue to cause immediate and irreparable injury to HMA and will continue to damage HMA and deceive the public unless enjoined by this Court. HMA has no adequate remedy at law in that the amount of their damages is difficult to ascertain with specificity.

65. As a result of Defendants' acts as alleged above, HMA has incurred damages in an amount to be proven at trial consisting of among other things, diminution in the value of the goodwill associated with the HYUNDI MARKS.

WHEREFORE, HMA seeks judgment as set forth herein.

## SIXTH CAUSE OF ACTION

## FOR COMMON LAW UNFAIR COMPETITION

66. HMA hereby re-alleges the allegations set forth in Paragraphs 1 through 65 above.

67. Upon information and belief, Defendants have engaged in and continue to engage in unfair competition by using the HYUNDAI MARKS, on information and belief, with the intention of interfering with and trading on the business reputation and goodwill engendered by HMA through hard work and diligent effort, and "passing off" its goods as those of another, namely HMA.

68. Defendants' acts have caused HMA competitive injury, as described herein, and specifically have caused HMA to incur damages in an amount to be proved at trial consisting of among other things, diminution in the value of and goodwill associated with the HYUNDAI

MARKS.

69. Defendants' acts as alleged above, and specifically, without limitation, Defendants' use of the HYUNDAI MARKS, If not enjoined, will continue. HMA has no adequate remedy at law in that amount of their damages is difficult to ascertain with specificity.

WHEREFORE, HMA seeks judgment as set forth herein.

## SEVENTH CAUSE OF ACTION FOR TRADEMARK DILUTION UNDER CAL. BUS. & PROF. CODE §14247

70. HMA hereby re-alleges the allegations set forth in Paragraphs 1 through 69 above.

71. The HYUNDAI MARKS are distinctive and famous within the meaning of Section 14247 of the California Business and Professions Code.

72. Defendants' use of the HYUNDAI MARKS began after the HYUNDAI MARKS became famous.

73. Defendants' continued use of the HYUNDAI MARKS is likely to cause injury to HMA's business reputation and/or the dilution of the distinctive quality of HMA's famous HYUNDAI MARKS, in violation of California Business and Professions Code Section 14247.

74. Defendants' conduct has caused and will continue to cause immediate and irreparable injury to HMA and will continue to damage HMA and deceive the public unless enjoined by this Court. HMA has no adequate remedy at law in that the amount of their damages is difficult to ascertain with specificity.

WHEREFORE, HMA seeks judgment as set forth herein.

## EIGHTH CAUSE OF ACTION FOR UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §17200

75. HMA hereby re-alleges the allegations set forth in Paragraphs 1 through 74 above.

76. Defendants' activities, including unlawfully importing, purchasing, promoting, distributing, offering for sale, and/or selling in the United States, without HMA's authorization and/or consent, Non-Genuine Hyundai Parts, constitutes a violation of California Civil Code section 1797.8 *et seq.*

77. In addition, Defendants' unauthorized use of the marks which incorporate and are

confusingly similar to the HYUNDAI MARKS has caused and/or is likely to cause confusion among consumers, and/or has diluted and/or will continue to dilute the HYUNDAI MARKS.

78. Defendants' activities are calculated to deceive the public and thus, constitute an unfair and deceptive business practice.

79. As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent business practices, Defendants collected revenues and/or realized profits to which they were not entitled.

80. HMA seeks restitution and disgorgement of the revenues collected and/or profits realized by Defendants as a result of Defendants' illegal, unfair and/or deceptive business and advertising practices.

81. Pursuant to California Business and Professions Code sections 17203 and 17535, HMA further seeks an order of this Court enjoining Defendants from continuing its wrongful business practices. Unless restrained by this Court, Defendants will continue to engage in illegal, unfair, false and misleading business practices, as alleged above, in violation of sections 17200 and 17500 of the California Business and Professions Code. HMA and the public will be irreparably harmed if an order of the Court enjoining such practices is not granted. HMA is therefore entitled to preliminary and permanent injunctions.

82. HMA has no adequate remedy at law for the injury alleged in this cause of action, and the injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

83. In addition to injunctive relief, disgorgement, and restitution, HMA also is entitled to all other remedies provided under Business and Professions Code section 17203.

WHEREFORE, HMA seeks judgment as set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, HMA prays for judgment as follows:

(a) That this Court temporarily, preliminarily, and permanently enjoin and restrain Defendant, its officers, directors, servants, employees, attorneys, agents, representatives, and distributors, and all other persons acting in concert or participation with Defendants from:

       i.    misrepresenting in any way the source of origin or the nature or quality of Defendants' Unauthorized Products;

      ii.    making, manufacturing, importing, using, distributing, shipping, licensing, selling, developing, displaying, delivering, advertising and/or otherwise marketing or disposing of Defendants' Unauthorized Products;

      iii.    disposing of, destroying, moving, relocating or transferring any and all of Defendants' Unauthorized Products, as well as packaging and other items including advertising, promotion, drawings, transfers, brochures, catalogs, stationery, business forms, business cards, labels, stickers, etc. relating to Defendants' Unauthorized Products;

      iv.    disposing of, destroying, moving, relocating or transferring any means for making labels, stickers, packages, discs or other items relating to Defendants' Unauthorized Products, or any packaging, discs, labels, stickers, stationery, business forms, and business cards relating to Defendants' counterfeit goods or markings, including art work, screen-printing plates, dies, matrices, decals and any other equipment; and

      v.    disposing of, destroying, moving, relocating or transferring any documents pertaining to the importation, sale, receipt, promotion, advertising, distribution, and/or shipment of Defendants' Unauthorized Products.

(b) order Defendants to recall any and all products and materials bearing, copying, reproducing, counterfeiting, or simulating the HYUNDAI MARKS or a colorable imitation thereof;

(c) order Defendants to file with this Court and serve upon HMA within 30-days of being served with this Court's injunction issued in this action, a written report signed by such Defendants under oath, setting forth in detail the manner in which such Defendants complied with the injunction;

(d) provide HMA with expedited discovery;

(e) preliminary and permanently enjoin Defendants from further conduct which infringes the HYUNDAI MARKS;

(f) award HMA compensatory damages as provided by law;

COMPLAINT

(g) award HMA statutory damages as provided by law;

(h) award HMA enhanced and/or treble damages as provided by law;

(i) award HMA punitive damages as provided by law;

(j) award HMA restitution as provided by law;

(k) order Defendants to account to HMA for all profits from its infringement of HYUNDAI MARKS;

(l) award HMA its costs, disbursements, and attorneys' fees incurred in bringing this action;

(m) award HMA prejudgment interest as provided by law; and

(n) award HMA such other and further relief as this Court may deem just and proper.

Dated: April 11, 2014

KELLER, SLOAN, ROMAN & HOLLAND LLP

By: /s/ Kenneth Keller
KENNETH E. KELLER
Attorneys for Plaintiff
HYUNDAI MOTOR AMERICA, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff HMA hereby demands trial by jury in this action on any issue triable of right by a jury.

Dated: April 11, 2014

KELLER, SLOAN, ROMAN & HOLLAND LLP

By: /s/ Kenneth Keller
KENNETH E. KELLER
Attorneys for Plaintiff
HYUNDAI MOTOR AMERICA, INC.

COMPLAINT