UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-00576-CJC(JPRx)            Date: October 7, 2014

Title: <u>HYUNDAI MOTOR AMERICA, INC., ET AL. V. PINNACLE GROUP, LLC</u>

PRESENT:

<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>

| <u>Melissa Kunig</u> | <u>    N/A    </u> |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN SUBSTANTIAL PART DEFENDANT'S MOTION TO DISMISS** [filed 9/4/14]

       Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for October 20, 2014 at 1:30 p.m. is hereby vacated and off calendar.

**INTRODUCTION AND BACKGROUND**

       Plaintiffs Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Company ("HMC"), (together, "Hyundai"), bring this action against Defendant Pinnacle Group, LLC ("Pinnacle") alleging, *inter alia*, trademark infringement and unfair competition. (Dkt. No. 1.) According to the First Amended Complaint ("FAC"), HMA is a subsidiary of HMC that has exclusive distribution rights of Hyundai brand automobile parts and accessories in the United States. (Dkt. No. 13 [FAC] ¶ 12.) HMA and HMC are the owners of four registered trademarks under the Hyundai mark for various motor vehicles, automotive parts, and accessories. (FAC ¶ 16–18.) HMA's Hyundai parts are purportedly sold exclusively through HMA authorized dealers ("Dealers"), pursuant to a Dealer Sales and Service Agreement ("DSSA"). Moreover, the FAC alleges that these Hyundai parts are "specifically designed and manufactured in accordance with . . . U.S. standards and regulations." (FAC ¶ 27.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-00576-CJC(JPRx)           Date: October 7, 2014
          Page 2

The FAC alleges that Pinnacle actively and knowingly uses "reproductions, counterfeits, copies and/or colorable imitations" of the Hyundai mark in connection with "Cabin Air Filters, Air Filters, Brake Pads, and Oil Filters." (FAC ¶ 30.) The FAC further alleges that the parts Pinnacle sells are materially different from HMA's parts. (FAC ¶¶ 32, 34.) Among the purported material differences are differences in packaging and/or labels, the shipping box, quality and design, stamped information on parts, quality control and price. (FAC ¶ 34.) The FAC alleges that Pinnacle's actions have caused and are likely to cause confusion among the public and customers about the affiliation to Hyundai, and the origin and quality of the goods. (FAC ¶¶ 44–45.)

Based on these allegations, the FAC asserts eight causes of action: (1) trademark infringement under 15 U.S.C. § 1114; (2) false designation of origin under 15 U.S.C. § 1125; (3) trademark dilution under 15 U.S.C. § 1125(c); (4) common law trademark infringement; (5) common law unfair competition; (6) trademark dilution under the California Business & Professions Code § 14247; (7) intentional interference with contractual relations; and (8) unfair completion under the California Business and Professions Code § 17200. (FAC.) Before the Court is Pinnacle's motion to dismiss the FAC with prejudice. (Dkt. No. 14.) Pinnacle contends that the allegations against it are conclusory and factually unsupported. (*Id.*) For the following reasons, Pinnacle's motion is **GRANTED IN SUBSTANTIAL PART.**

**DISCUSSION**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that while a complaint attacked by a Rule 12(b)(6) motion to dismiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-00576-CJC(JPRx)            Date: October 7, 2014
                                                                         Page 3

does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotation omitted)). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

      Hyundai has failed to allege sufficient facts that Pinnacle has dealt in infringing goods. A cause of action for trademark infringement exists against a person who "use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution or advertising of any goods or services . . . [that] is likely to cause confusion" without the consent of the registrant. 14 U.S.C. § 1114(1)(a). Here, the FAC alleges that Pinnacle "actively and knowingly used and continue[s] to use in commerce reproductions, counterfeits, copies, and/or colorable imitations of the HYUNDAI MARK in connection with the importation, distribution, promotion and/or sale of replacement automotive parts . . . without Plaintiffs' consent, which is likely to cause confusion." (FAC ¶ 30.) This amounts to "threadbare recitals of the elements of a cause of action" and does not sufficiently state a claim under Rule 8(a)(2). *See Iqbal*, 556 U.S. at 678. Neither do Hyundai's assertions of Pinnacle's unlawful use of the mark in "replacement automotive parts, including but not limited to Cabin Air Filters, Air Filters, Brake Pads, and Oil Filters" nor its laundry list of alleged material differences transform the conclusory allegations of the FAC into a plausible claim for relief. (*See* FAC ¶¶ 30, 34.) For the same reasons, Hyundai has failed to state a claim for its other trademark claims, false designation of origin claims, and unfair competition claims.

      Hyundai's claim for intentional interference with contractual relations is similarly deficient. "The elements which a plaintiff must plead to state the cause of action for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990). The FAC recites each of the elements as applied to the parties here, amounting to legal conclusions. For instance, Hyundai merely alleges that it is "informed and believes . . . that Pinnacle

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-00576-CJC(JPRx)                                          Date: October 7, 2014
                                                                                                          Page 4

---

was and is aware of the DSSA" and that Pinnacle has knowingly sold or distributed its "Unauthorized Products" to "some Dealers" in breach of the DSSA, resulting in the intentional disruption and prevention of performance of the DSSA. (FAC ¶¶ 39–40.) Such conclusory allegations cannot survive a motion to dismiss under Rule 12(b)(6).

**CONCLUSION**

      For the reasons discussed above, Pinnacle's motion is **GRANTED IN SUBSTANTIAL PART**. Because Hyundai may be able to cure the deficiencies identified above, Hyundai is hereby given twenty (20) days leave to file a second amended complaint.


ssh

MINUTES FORM 11
CIVIL-GEN                                                                               Initials of Deputy Clerk MKU