Kenneth E. Keller (State Bar No. 71450) kkeller@ksrh.com
Lori L. Holland (State Bar No. 202309) lholland@ksrh.com
Ethan Jacobs (State Bar No. 291838) ejacobs@ksrh.com
KELLER, SLOAN, ROMAN & HOLLAND LLP
555 Montgomery Street, 17th Floor
San Francisco, California, 94111
Telephone:   (415) 249-8330
Facsimile:    (415) 249-8333

Jason R. Erb (State Bar No. 180962) jasonerb@hmausa.com
HYUNDAI MOTOR AMERICA
10550 Talbert Avenue
Fountain Valley, California  92708
Telephone:   (714) 965-3393
Facsimile:    (714) 965-3815

Attorneys for Plaintiffs
HYUNDAI MOTOR AMERICA, INC.
and HYUNDAI MOTOR COMPANY

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### (SOUTHERN DIVISION)

| | |
|---|---|
| HYUNDAI MOTOR AMERICA, INC., a California corporation; HYUNDAI MOTOR COMPANY, a Korean corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>PINNACLE GROUP, LLC, a Florida limited liability company, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 8:14-CV-00576 CJC-JPR<br>Honorable Cormac J. Carney<br><br>**HYUNDAI'S RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF FRANK FERRARA**<br><br>Date:          October 5, 2016<br>Time:          1:30 p.m.<br>Judge:        Hon. Cormac J. Carney<br>Courtroom:  9B |

1

In compliance with C.D. Cal. Local Rule 56-2, Hyundai Motor America, Inc. and Hyundai Motor Company (together, "Plaintiffs" or "Hyundai") submit the following Response to Evidentiary Objections.

**HYUNDAI'S RESPONSE TO PINNACLE'S OBJECTIONS TO EVIDENCE**

| PINNACLE'S OBJECTION | HYUNDAI'S RESPONSE |
|---|---|
| 1.    Declaration Of Frank Ferrara at 3:10-19, ¶ 7 (Dkt. No. 137-2).<br><br>Lack of Foundation/Personal Knowledge [Fed. R. Evid. 602] Witness testimony concerning contents of writing [Fed. R. Evid. 1002] | Pinnacle's objection is insufficient because it fails to explain in any way how Frank Ferrara's declaration testimony violates the cited Federal Rules of Evidence.<br><br>As to Pinnacle's objection that Mr. Ferrara lacks personal knowledge of the matters in his testimony, Mr. Ferrara testified that his declaration was made "of [his] own personal knowledge," and described his 20-year career at HMA and his "intimate[] familiar[ity] with the HMA warranty program." (Declaration of Frank Ferrara at 2:1-20, ¶¶ 1-3 (Dkt. No. 137-2) ("Ferrara Decl.")).<br><br>Furthermore, the assertion in the first sentence of the cited paragraph—"The |

| PINNACLE'S OBJECTION | HYUNDAI'S RESPONSE |
|---|---|
| | HMA warranty is essential to the successful marketing of Hyundai products and is necessary to assure the quality control of the parts and services associated with the Hyundai trademarks"—is supported by the testimony in the remainder of the paragraph.  *See* Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony.").

Pinnacle's objection that the cited paragraph impermissibly seeks to prove the contents of a document without producing an original is vague and baseless.  Pinnacle does not identify any document whose content the cited testimony seeks to prove.  If Pinnacle's objection is to the warranty whose terms the cited declaration refers to, those warranties are included in Exhibits A through G of the Ferrara declaration. |
| 2.   Declaration Of Frank Ferrara at 3:20-25, ¶ 8 (Dkt. No. 137-2). | Pinnacle's objection is insufficient because it fails to explain in any way |

| PINNACLE'S OBJECTION | HYUNDAI'S RESPONSE |
|---|---|
| Lack of Foundation/Personal Knowledge [Fed. R. Evid. 602] | how Frank Ferrara's declaration testimony violates Federal Rule of Evidence 602.<br><br>Furthermore, Mr. Ferrara testified that his declaration was made "of [his] own personal knowledge," and described his 20-year career at HMA and his "intimate[] familiar[ity] with the HMA warranty program." (Declaration of Frank Ferrara at 2:1-20, ¶¶ 1-3 (Dkt. No. 137-2) ("Ferrara Decl.")). |
| 3.      Declaration Of Frank Ferrara at 3:26-4:6, ¶ 9 (Dkt. No. 137-2).<br><br>Lack of Foundation/Personal Knowledge [Fed. R. Evid. 602] Hearsay [Fed. R. Evid. 802] Witness testimony concerning contents of writing [Fed. R. Evid. 1002] | Pinnacle's objection is insufficient because it fails to explain in any way how Frank Ferrara's declaration testimony violates the cited Federal Rules of Evidence.<br><br>As to Pinnacle's objection that Mr. Ferrara lacks personal knowledge of the matters in his testimony, Mr. Ferrara testified that his declaration was made "of [his] own personal knowledge," and described his 20-year career at HMA and his |

| PINNACLE'S OBJECTION | HYUNDAI'S RESPONSE |
|---|---|
| | "intimate[] familiar[ity] with the HMA warranty program." (Declaration of Frank Ferrara at 2:1-20, ¶¶ 1-3 (Dkt. No. 137-2) ("Ferrara Decl.")). |
| | Pinnacle's hearsay objection is groundless; the cited testimony does not refer to any out-of-court statement offered for the truth of the matter asserted.  Fed. R. Evid. 801(c). |
| | Pinnacle's objection that the cited paragraph impermissibly seeks to prove the contents of a document without producing an original is vague and baseless.  Pinnacle does not identify any document whose content the cited testimony seeks to prove.  If Pinnacle's objection is to the warranty whose terms the cited declaration refers to, those warranties are included in Exhibits A through G of the Ferrara declaration. |
| 4.    Declaration Of Frank Ferrara at 4:25-26, ¶ 14 (Dkt. No. 137-2) | Pinnacle's objection that Mr. Ferrara lacks personal knowledge that HMA's |

| PINNACLE'S OBJECTION | HYUNDAI'S RESPONSE |
|---|---|
| ("which is one of the most comprehensive warranties in the automobile industry. Lack of Foundation/Personal Knowledge [Fed. R. Evid. 602] Witness testimony concerning contents of writing [Fed. R. Evid. 1002] | Replacement Parts and Accessories Limited Warranty is "one of the most comprehensive warranties in the automobile industry" is groundless. Mr. Ferrara testified that his declaration was made "of [his] own personal knowledge," and described his 20-year career at HMA and his "intimate[] familiar[ity] with the HMA warranty program." (Declaration of Frank Ferrara at 2:1-20, ¶¶ 1-3 (Dkt. No. 137-2) ("Ferrara Decl.")). Pinnacle's objection that the cited paragraph impermissibly seeks to prove the contents of a document without producing an original is vague and baseless.  Pinnacle does not identify any document whose content the cited testimony seeks to prove.  If Pinnacle's objection is to the warranty whose terms the cited declaration refers to, those warranties are included in Exhibits A through G of the Ferrara |

| PINNACLE'S OBJECTION | HYUNDAI'S RESPONSE |
|---|---|
| | declaration. |
| 5. Declaration Of Frank Ferrara at 5:3-11, ¶ 15 (Dkt. No. 137-2).<br><br>Lack of Foundation/Personal Knowledge [Fed. R. Evid. 602] Opinion testimony by lay witnesses not rationally based on witness' perception [Fed. R. Evid. 701] Witness testimony concerning contents of writing [Fed. R. Evid. 1002] | Pinnacle's objection is insufficient because it fails to explain in any way how Frank Ferrara's declaration testimony violates the cited Federal Rules of Evidence.<br><br>As to Pinnacle's objections that Mr. Ferrara lacks personal knowledge of the matters in his testimony (either under Rule 602 or 701), Mr. Ferrara testified that his declaration was made "of [his] own personal knowledge," and described his 20-year career at HMA and his "intimate[] familiar[ity] with the HMA warranty program." (Declaration of Frank Ferrara at 2:1-20, ¶¶ 1-3 (Dkt. No. 137-2) ("Ferrara Decl.")).<br><br>Pinnacle's objection that the cited paragraph impermissibly seeks to prove the contents of a document without producing an original is vague and baseless. Pinnacle does not identify any document whose content |

| **PINNACLE'S OBJECTION** | **HYUNDAI'S RESPONSE** |
|---|---|
| | the cited testimony seeks to prove.  If Pinnacle's objection is to the warranties whose terms the cited declaration refers to, those warranties are included in Exhibits A through G of the Ferrara declaration. |
| 6.      Declaration Of Frank Ferrara at 6:23-7:3, ¶ 18 (Dkt. No. 137-2). <br><br> Lack of Foundation/Personal Knowledge [Fed. R. Evid. 602] Opinion testimony by lay witnesses not rationally based on witness' perception [Fed. R. Evid. 701] Witness testimony concerning contents of writing [Fed. R. Evid. 1002] | Pinnacle's objection is insufficient because it fails to explain in any way how Frank Ferrara's declaration testimony violates the cited Federal Rules of Evidence. <br><br> As to Pinnacle's objections that Mr. Ferrara lacks personal knowledge of the matters in his testimony (either under Rule 602 or 701), Mr. Ferrara testified that his declaration was made "of [his] own personal knowledge," and described his 20-year career at HMA and his "intimate[] familiar[ity] with the HMA warranty program." (Declaration of Frank Ferrara at 2:1-20, ¶¶ 1-3 (Dkt. No. 137-2) ("Ferrara Decl.")). <br><br> Pinnacle's objection that the cited |

| PINNACLE'S OBJECTION | HYUNDAI'S RESPONSE |
|---|---|
| | paragraph impermissibly seeks to prove the contents of a document without producing an original is vague and baseless.  Pinnacle does not identify any document whose content the cited testimony seeks to prove.  If Pinnacle's objection is to the warranties whose terms the cited declaration refers to, those warranties are included in Exhibits A through G of the Ferrara declaration. |
| 7.      Declaration Of Frank Ferrara at 7:8-24, ¶ 20 (Dkt. No. 137-2).

Lack of Foundation/Personal Knowledge/Speculation [Fed. R. Evid. 602]
Opinion testimony by lay witnesses not rationally based on witness' perception [Fed. R. Evid. 701]
Witness testimony concerning contents of writing [Fed. R. Evid. 1002] | Pinnacle's objection is insufficient because it fails to explain in any way how Frank Ferrara's declaration testimony violates the cited Federal Rules of Evidence.

As to Pinnacle's objections that Mr. Ferrara lacks personal knowledge of the matters in his testimony (either under Rule 602 or 701), Mr. Ferrara testified that his declaration was made "of [his] own personal knowledge," and described his 20-year career at HMA and his "intimate[] familiar[ity] with the HMA warranty program." |

| PINNACLE'S OBJECTION | HYUNDAI'S RESPONSE |
|---|---|
| | (Declaration of Frank Ferrara at 2:1-20, ¶¶ 1-3 (Dkt. No. 137-2) ("Ferrara Decl.")). |
| | Pinnacle's reference to "speculation" is vague and that objection does not apply here.  Mr. Ferrara is not speculating as to any fact, but rather is explaining a hypothetical scenario ("[t]he following example illustrates one hypothetical scenario"). |
| | Pinnacle's objection that the cited paragraph impermissibly seeks to prove the contents of a document without producing an original is vague and baseless.  Pinnacle does not identify any document whose content the cited testimony seeks to prove.  If Pinnacle's objection is to the warranties whose terms the cited declaration refers to, those warranties are included in Exhibits A through G of the Ferrara declaration. |
| 8.    Declaration Of Frank Ferrara at 8:3-5, ¶ 22 (Dkt. No. 137-2). | Pinnacle's objection is insufficient because it fails to explain in any way |

| **PINNACLE'S OBJECTION** | **HYUNDAI'S RESPONSE** |
|---|---|
| Lack of Foundation/Personal Knowledge [Fed. R. Evid. 602] Opinion testimony by lay witnesses not rationally based on witness' perception [Fed. R. Evid. 701] Witness testimony concerning contents of writing [Fed. R. Evid. 1002] | how Frank Ferrara's declaration testimony violates the cited Federal Rules of Evidence.<br><br>As to Pinnacle's objections that Mr. Ferrara lacks personal knowledge of the matters in his testimony (either under Rule 602 or 701), Mr. Ferrara testified that his declaration was made "of [his] own personal knowledge," and described his 20-year career at HMA and his "intimate[] familiar[ity] with the HMA warranty program." (Declaration of Frank Ferrara at 2:1-20, ¶¶ 1-3 (Dkt. No. 137-2) ("Ferrara Decl.")).<br><br>Pinnacle's objection that the cited paragraph impermissibly seeks to prove the contents of a document without producing an original is vague and baseless.  Pinnacle does not identify any document whose content the cited testimony seeks to prove.  If Pinnacle's objection is to the warranties whose terms the cited |

| PINNACLE'S OBJECTION | HYUNDAI'S RESPONSE |
|---|---|
| | declaration refers to, those warranties are included in Exhibits A through G of the Ferrara declaration. |
| 9.     Declaration Of Frank Ferrara at 8:6-8, ¶ 23 (Dkt. No. 137-2).<br><br>Lack of Foundation/Personal Knowledge [Fed. R. Evid. 602] Opinion testimony by lay witnesses not rationally based on witness' perception [Fed. R. Evid. 701] Witness testimony concerning contents of writing [Fed. R. Evid. 1002] | Pinnacle's objection is insufficient because it fails to explain in any way how Frank Ferrara's declaration testimony violates the cited Federal Rules of Evidence.<br><br>As to Pinnacle's objections that Mr. Ferrara lacks personal knowledge of the matters in his testimony (either under Rule 602 or 701), Mr. Ferrara testified that his declaration was made "of [his] own personal knowledge," and described his 20-year career at HMA and his "intimate[] familiar[ity] with the HMA warranty program." (Declaration of Frank Ferrara at 2:1-20, ¶¶ 1-3 (Dkt. No. 137-2) ("Ferrara Decl.")).<br><br>Pinnacle's objection that the cited paragraph impermissibly seeks to prove the contents of a document without producing an original is vague |

| PINNACLE'S OBJECTION | HYUNDAI'S RESPONSE |
|---|---|
| | and baseless. Pinnacle does not identify any document whose content the cited testimony seeks to prove. If Pinnacle's objection is to the warranties whose terms the cited declaration refers to, those warranties are included in Exhibits A through G of the Ferrara declaration. |
| 10.    Declaration Of Frank Ferrara at 8:14-21, ¶ 25 (Dkt. No. 137-2).<br><br>Lack of Foundation/Personal Knowledge [Fed. R. Evid. 602] Opinion testimony by lay witnesses not rationally based on witness' perception [Fed. R. Evid. 701] Witness testimony concerning contents of writing [Fed. R. Evid. 1002] | Pinnacle's objection is insufficient because it fails to explain in any way how Frank Ferrara's declaration testimony violates the cited Federal Rules of Evidence.<br><br>As to Pinnacle's objections that Mr. Ferrara lacks personal knowledge of the matters in his testimony (either under Rule 602 or 701), Mr. Ferrara testified that his declaration was made "of [his] own personal knowledge," and described his 20-year career at HMA and his "intimate[] familiar[ity] with the HMA warranty program." (Declaration of Frank Ferrara at 2:1-20, ¶¶ 1-3 (Dkt. No. 137-2) ("Ferrara Decl.")). |

| PINNACLE'S OBJECTION | HYUNDAI'S RESPONSE |
|---|---|
| | Pinnacle's objection that the cited paragraph impermissibly seeks to prove the contents of a document without producing an original is vague and baseless.  Pinnacle does not identify any document whose content the cited testimony seeks to prove.  If Pinnacle's objection is to the warranties whose terms the cited declaration refers to, those warranties are included in Exhibits A through G of the Ferrara declaration. |
| 11.    Declaration Of Frank Ferrara at 8:22-9:5, ¶ 26 (Dkt. No. 137-2).<br><br>Lack of Foundation/Personal Knowledge/Speculation [Fed. R. Evid. 602]<br>Opinion testimony by lay witnesses not rationally based on witness' perception [Fed. R. Evid. 701]<br>Improper Expert Testimony [Fed. R. Evid. 702] | Pinnacle's objection is insufficient because it fails to explain in any way how Frank Ferrara's declaration testimony violates the cited Federal Rules of Evidence.<br><br>As to Pinnacle's objections that Mr. Ferrara lacks personal knowledge of the matters in his testimony (either under Rule 602 or 701), Mr. Ferrara testified that his declaration was made "of [his] own personal knowledge," and described his 20-year career at |

| PINNACLE'S OBJECTION | HYUNDAI'S RESPONSE |
|---|---|
| | HMA and his "intimate[] familiar[ity] with the HMA warranty program." (Declaration of Frank Ferrara at 2:1-20, ¶¶ 1-3 (Dkt. No. 137-2) ("Ferrara Decl.")). |
| | Pinnacle's reference to "speculation" is vague and that objection does not apply here.  Mr. Ferrara is not speculating as to any fact, but rather is explaining the nature of confusion that would be caused when a dealer or end customer installed a Pinnacle part it incorrectly believed was covered by an HMA warranty. |
| | Pinnacle does not provide any explanation for its Rule 702 objection or provide any reason Mr. Ferrara's testimony is "improper expert testimony."  This objection is incoherent and therefore is not susceptible to any response. |
| 12.    Declaration Of Frank Ferrara at 9:6-11, ¶ 27 (Dkt. No. 137-2). Lack of Foundation/Personal | Pinnacle's objection is insufficient because it fails to explain in any way how Frank Ferrara's declaration |

| **PINNACLE'S OBJECTION** | **HYUNDAI'S RESPONSE** |
|---|---|
| Knowledge [Fed. R. Evid. 602] Opinion testimony by lay witnesses not rationally based on witness' perception [Fed. R. Evid. 701] Hearsay [Fed. R. Evid. 802] Witness testimony concerning contents of writing [Fed. R. Evid. 1002] | testimony violates the cited Federal Rules of Evidence.

As to Pinnacle's objection that Mr. Ferrara lacks personal knowledge of the matters in his testimony, Mr. Ferrara testified that his declaration was made "of [his] own personal knowledge," and described his 20-year career at HMA and his "intimate[] familiar[ity] with the HMA warranty program." (Declaration of Frank Ferrara at 2:1-20, ¶¶ 1-3 (Dkt. No. 137-2) ("Ferrara Decl.")).

Pinnacle's hearsay objection is groundless; the statement regarding Pinnacle's representations to its customers is not hearsay because it is a statement of an opposing party.  Fed. R. Evid. 801(d)(2).

Pinnacle's objection that the cited paragraph impermissibly seeks to prove the contents of a document |

| PINNACLE'S OBJECTION | HYUNDAI'S RESPONSE |
|---|---|
| | without producing an original is vague and baseless.  Pinnacle does not identify any document whose content the cited testimony seeks to prove.  If Pinnacle's objection is to the warranty whose terms the cited declaration refers to, those warranties are included in Exhibits A through G of the Ferrara declaration. |
| 13.     Declaration Of Frank Ferrara at 9:12-21, ¶ 28 (Dkt. No. 137-2). Lack of Foundation/Personal Knowledge [Fed. R. Evid. 602] Opinion testimony by lay witnesses not rationally based on witness' perception [Fed. R. Evid. 701] Improper Expert Testimony [Fed. R. Evid. 702] Hearsay [Fed. R. Evid. 802] Witness testimony concerning contents of writing [Fed. R. Evid. 1002] | Pinnacle's objection is insufficient because it fails to explain in any way how Frank Ferrara's declaration testimony violates the cited Federal Rules of Evidence. As to Pinnacle's objection that Mr. Ferrara lacks personal knowledge of the matters in his testimony, Mr. Ferrara testified that his declaration was made "of [his] own personal knowledge," and described his 20-year career at HMA and his "intimate[] familiar[ity] with the HMA warranty program." (Declaration of Frank Ferrara at 2:1-20, ¶¶ 1-3 (Dkt. No. 137-2) ("Ferrara |

| PINNACLE'S OBJECTION | HYUNDAI'S RESPONSE |
|---|---|
| | Decl.")). |
| | |
| | Pinnacle's hearsay objection is groundless; the statement regarding Pinnacle's representations to its customers is not hearsay because it is a statement of an opposing party.  Fed. R. Evid. 801(d)(2). |
| | |
| | Pinnacle's objection that the cited paragraph impermissibly seeks to prove the contents of a document without producing an original is vague and baseless.  Pinnacle does not identify any document whose content the cited testimony seeks to prove.  If Pinnacle's objection is to the warranty whose terms the cited declaration refers to, those warranties are included in Exhibits A through G of the Ferrara declaration. |
| | |
| | Pinnacle does not provide any explanation for its Rule 702 objection or provide any reason Mr. Ferrara's testimony is "improper expert |

| PINNACLE'S OBJECTION | HYUNDAI'S RESPONSE |
|---|---|
|  | testimony."  This objection is incoherent and therefore is not susceptible to any response. |
| 14.    Declaration Of Frank Ferrara at 9:22-10:2, ¶ 29 (Dkt. No. 137-2).<br><br>Lack of Foundation/Personal Knowledge/Speculation [Fed. R. Evid. 602]<br>Opinion testimony by lay witnesses not rationally based on witness' perception [Fed. R. Evid. 701]<br>Improper Expert Testimony [Fed. R. Evid. 702]<br>Hearsay [Fed. R. Evid. 802]<br>Witness testimony concerning contents of writing [Fed. R. Evid. 1002] | Pinnacle's objection is insufficient because it fails to explain in any way how Frank Ferrara's declaration testimony violates the cited Federal Rules of Evidence.<br>As to Pinnacle's objection that Mr. Ferrara lacks personal knowledge of the matters in his testimony, Mr. Ferrara testified that his declaration was made "of [his] own personal knowledge," and described his 20-year career at HMA and his "intimate[] familiar[ity] with the HMA warranty program." (Declaration of Frank Ferrara at 2:1-20, ¶¶ 1-3 (Dkt. No. 137-2) ("Ferrara Decl.")).<br>Pinnacle's reference to "speculation" is vague and that objection does not apply here.  Mr. Ferrara is not speculating as to any fact, but rather is explaining HMA's response to warranty claims where the source of |

| PINNACLE'S OBJECTION | HYUNDAI'S RESPONSE |
|---|---|
| | parts is unclear. |
| | Pinnacle's hearsay objection is groundless; the cited testimony does not refer to any out-of-court statement offered for the truth of the matter asserted.  Fed. R. Evid. 801(c). Pinnacle's objection that the cited paragraph impermissibly seeks to prove the contents of a document without producing an original is vague and baseless.  Pinnacle does not identify any document whose content the cited testimony seeks to prove.  If Pinnacle's objection is to the warranty whose terms the cited declaration refers to, those warranties are included in Exhibits A through G of the Ferrara declaration. |
| | Pinnacle does not provide any explanation for its Rule 702 objection or provide any reason Mr. Ferrara's testimony is "improper expert testimony."  This objection is incoherent and is not susceptible to any response. |

/ / /

1   Dated: September 19, 2016          KELLER, SLOAN, ROMAN & HOLLAND LLP

2

3                                By:    ___/s/ Kenneth E. Keller_____

4                                       Kenneth E. Keller

5                                       Attorneys for Plaintiffs Hyundai Motor
                                        America, Inc. and Hyundai Motor Corporation

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28